UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DOUGLAS HABIG | Case No.: 16-CV-5462-YGR |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO DISMISS |
| vs. | |
| RELIANCE STANDARD LIFE INSURANCE COMPANY; INSURANCE POINT LLC | |
| Defendants. | |

Defendant Insurance Point, LLC ("Defendant") filed its Motion to Dismiss on January 27, 2017. (Dkt. No. 23). Plaintiff Douglas Habig filed his responsive brief on February 10, 2017. (Dkt. No. 35). Defendant filed its reply on February 17, 2017. (Dkt. No. 36). The matter came on for hearing on April 18, 2017.

Having carefully considered the pleadings and the papers submitted on this motion,[1] and the hearing held on April 18, 2017, as stated on the record on April 18, 2017, and for the reasons set forth below, the Court **DENIES** defendant's motion to dismiss.

//

//

---

[1] Defendant also requests that the Court take judicial notice of the one-page "Benefits Summary" that gives rise to plaintiff's claim against Insurance Point. (Dkt. No. 24). Documents whose contents are central to the claims raised in a complaint may be considered in ruling on a motion to dismiss, even if they are not physically attached to the complaint. *See, e.g., Johnson v. Federal Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015) ("in ruling on a Rule 12(b)(6) motion, we may consider extrinsic evidence not attached to the complaint if the document's authenticity is not contested and the plaintiff's complaint necessarily relies on it"). Therefore, defendant's request for judicial notice is **GRANTED**.

I. **LEGAL STANDARD**

**A. Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**B. Negligent Misrepresentation**

To state a cause of action for negligent misrepresentation, a plaintiff must allege facts establishing that both the defendant (i) owed him a duty to communicate accurate information and (ii) breached that duty. *Friedman v. Merck & Co.,* 107 Cal. App. 4th 454, 477 (2003). Once the threshold requirements of duty and breach are met, a plaintiff must allege the elements for negligent misrepresentation in California: (1) misrepresentation of a past or existing material fact; (2) without reasonable ground for believing it to be true; (3) with intent to induce another's reliance; (4) justifiable reliance on the misrepresentation, and (5) resulting damage. *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2008 WL 4542967, at *3 (N.D. Cal. Oct. 1, 2008) (citing *Century Sur. Co. v. Crosby Ins., Inc.,* 124 Cal. App. 4th 116, 129 (2004).

**II. ANALYSIS**

The threshold legal question is whether Insurance Point owed a duty to Habig. Insurance Point had a duty to execute work as an insurance broker in a manner consistent with California law. At least one California statute and one California regulation speak to this issue: California Insurance Code Section 780 and 10 California Code of Regulations Section 2536.2.

First, under Section 780, it is a "[p]rohibited misrepresentation" for insurance brokers like Insurance Point to "cause or permit to be issued, circulated or used, any statement that is known, or

2

should have been known, to be a misrepresentation of… terms of a policy…[or] benefits." Cal. Ins. Code § 780. Second, California insurance regulations impose a specific duty on brokers that issue advertisements. "No advertisement shall omit information….if the omission of such information…. has the capacity, tendency or effect of misleading or deceiving purchasers or prospective purchasers as to the nature or extent of any policy benefit payable, loss covered or premium payable." 10 Cal. Code Reg. § 2536.2. The term "advertisement" is construed broadly to include "[d]escriptive literature and sales aids of all kinds issued by an insurer, agent or broker." 10 Cal. Code Reg. §2535.3(a). The Court finds that Insurance Point had a legal duty to Habig under both the California Insurance Code and California Code of Regulations. The "Benefits Summary" which Insurance Point distributed is sufficient for purposes of stating a plausible claim.

With regard to the remaining elements of negligent misrepresentation — misrepresentation, no reasonable grounds for believing the misrepresentation to be true, intent to induce reliance, justifiable reliance, and resulting damages — Habig's complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft,* 556 U.S. at 678 (quoting *Bell Atl. Corp*, 550 U.S. at 557.

Defendant's Motion to Dismiss is **DENIED**.

This Order terminates Dkt. No. 23.

**IT IS SO ORDERED**.

Dated: April 19, 2017

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**